UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**Xiaofeng Hu & Xiujuan Qi**
5 Westbrite Ct
Wilmington, DE 19810
(302)442-0021

Case No.:    0 6 - 7 6 0

Plaintiffs,

*v.*

**Michael Chertoff**, Secretary of the
U. S. Department of Homeland Security;
**Emilio Gonzalez**, Director of
U. S. Citizenship and Immigration Services
**Paul Novak**, Director of Vermont Service Center,
U. S. Citizenship and Immigration Services;
**Robert S. Muller**, Director of
Federal Bureau of Investigation;
**Alberto Gonzales**, Attorney General of the
U. S. Department of Justice;
**Colm F. Connolly**, United States Attorney
for the District of Delaware;

Defendants.

## **COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND**

### **DECLARATORY JUDGEMENT**

NOW come the Plaintiffs, Dr. Xiaofeng Hu and Mrs. Xiujuan Qi, by and through

Pro Se, in the above captioned matter, and hereby state and allege the following:

1. This action is brought against the Defendants to compel action on the clearly

delayed processing of employment-based Adjustment of Status (AOS) I-485 Applications

filed by the Plaintiffs, Xiaofeng Hu and Xiujuan Qi. The applications were filed with

1

Vermont Service Center of the United States Citizenship and Immigration Services (USCIS) since July 5th, 2005 and remained within the jurisdiction of the Defendants, who have improperly handled and delayed processing the application to Plaintiffs' detriment. This action is a petition for a statutory relief pursuant to law including US Constitution, Mandamus Act (28 U.S.C. § 1361), Declaratory Judgment Act (28 U.S.C. § 2201), and the Administrative Procedures Act (5 U.S.C. § 551 et seq.)

## PARTIES

2. Plaintiffs, Dr. Xiaofeng Hu (Alien # A99-087-380) and his wife Xiujuan Qi (Alien # A99-087-379 ) reside at 5 Westbrite Ct, Wilmington, DE 19810, are citizens of People's Republic of China. Dr. Xiaofeng Hu is the primary application of I-485, Application to Register Permanent Resident or Adjustment of Status, filed with the US Citizenship and Immigration Services (USCIS) on July 5th, 2005. His wife, Xiujuan Qi, is a derivative beneficiary of his I-485 application. Plaintiff Dr. Xiaofeng Hu originally entered the United States as an international graduate student on a F-1 visa in August 1999 at the University of Delaware and graduated from the University of Delaware with his Ph.D. degree in Civil Engineering in January 2003. On September 23rd, 2003, Dr. Xiaofeng Hu filed an immigration visa petition under the category of National Interest Waiver, which was approved on June 14th, 2005. On July 5th, 2005, Dr. Xiaofeng Hu and his wife Xiujuan Qi filed their applications for Adjustment of Status (AOS) to become permanent residents of the United States with the Vermont Service Center of USCIS. These applications are still pending.

3. Defendant Michael Chertoff is the Secretary of the U. S. Department of Homeland Security, and this action is brought against him in his official capacity. He is

2

gernally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security. 8 U.S.C. § 1103(a). More specifically, the Secretary of the U. S. Department of Homeland Security is responsible for the adjudication of applications for nonimmigrant visa filed pursuant to the Immigration and Nationality Act (INA). The U. S. Citizenship and Immigration Services is an agency within the Department of Homeland Security to whom the Secretary of the Department of Homeland Security's authority has in part been delegated, and is subject to the Secretary of the Department of Homeland Security's supervision.

4. Defendant Emilio Gonzalez is the Director of the U. S. Citizenship and Immigration Services (USCIS) and officially generally charged with supervisory authority over all operations of the USCIS with certain specific exceptions not relevant here. 8 CFR § 103.1(g)(2)(ii)(B)

5. Defendant Paul Novak is the Director of the Vermont Service Center of USCIS of the DHS. In his capacity as the Director of the Vermont Service Center, USCIS, Mr. Novak is responsible for the administration of immigration benefits and services including the processing of employment-based immigration petitions. As such, he has decision-making authority over the matters alleged in this Complaint.

6. Defendant Robert S. Muller is the Director of the Federal Bureau of Investigation (FBI), the law enforcement agency that conducts security clearances for other U.S. government agencies, such as the Department of States. As will be shown, defendant has failed to complete the security clearance of Plaintiffs' case.

3

7. Defendant Alberto Gonzales is the Attorney General of the United States. Pursuant, *inter alia*, to 8 U.S.C. § 1103, he is charged with controlling determination of all issues of law pertaining to immigration and with representing the United States of America in various legal matters.

8. Defendant Colm F. Connolly, has served as United States Attorney for the District of Delaware. Pursuant to Title 28, Section 507 of the United States Code, he is charged with the prosecution and defense of civil cases in which the United States is a party within the judicial district of Delaware.

## **JURISDICTION**

9. This Court has subject matter jurisdiction over this petition under 28 U.S.C. § 1331 (Federal question statute) since this is a civil action arising under the Constitution and the laws of the United states, including the Fifth Amendment to the U.S. Constitution, provisions of Title 8 U.S.C. § 1101 et seq. (Immigration and Nationality Act, INA) and applicable regulations, policies and procedures arising thereunder. This Court may grant relief in this action under 28 U.S.C. § 1361 (Mandamus Act); 28 U.S.C. § 1651 (All Writs Act); 28 U.S.C. § 2201 (Declaratory Judgment Act); and under 5 U.S.C. § 701 et seq. (Administrative Procedures Act).

10. There are no administrative remedies available to Plaintiffs to redress the grievances described herein. This action challenges only the Defendants' timeliness in adjudication of AOS petition, not the granting or denial of petition, therefore the jurisdictional limitations of 8 U.S.C. § 1252 do not apply.

## **VENUE**

4

11. Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391(e)

because Defendants operate within this district and plaintiffs reside in this district.

## EXHAUSTION OF REMEDIES

12. The plaintiffs have exhausted their administrative remedies. The plaintiffs

have supplied the USCIS documents that clearly established their eligibility to Register

Permanent Resident or Adjustment of Status.

## STATEMENT OF FACTS

13. Plaintiffers, Dr. Xiaofeng Hu and his wife, Xiujuan Qi, properly filed I-485

applications (AOS) to become permanent residents of the United States with Vermont

Service Center of USCIS on July 5th, 2005, pursuant to Section 245 of the Immigration &

Naturalization Act. Case number is EAC0520451434 and EAC0520451462 respectively.

USCIS acknowledgement documents are attached hereto as **Exhibit A**.

14. Plaintiffs are eligible to receive immigrant visas and are admissible to the

United States for permanent residence.

15. Plaintiffs' employment-based AOS application were filed based on the I-140

immigrant petition for alien worker under INA § 203(b)(2)(B) the second preference

employment-based category (EB2)– members of profession with advanced degree or

exceptional ability in the National Interest which was approved on June 14th, 2005.

Approval notice is provided in **Exhibit B**

16. Following the submission of AOS application, plaintiffs were requested to

provide and actually provided fingerprints for security checks on August 18, 2005.

Plaintiff Xiujuan Qi has already paid and applied two EAD (Employment Authority

Document) cards which were approved by USCIS.

17. USCIS publishes processing dates every month online at:

https://egov.immigration.gov/cris/jsps/Processtimes.jsp?SeviceCenter=Vermont.

Vermont Service Center is currently processing AOS applications (form I-485) filed on

December 31, 2005 (**Exhibit C**) while Plaintiffs submitted their applications on July 5th,

2005, 6 *months earlier* than current published processing time.

18. Immigrant visas were immediately available to the Plaintiffs at the time of

AOS applications were filed.

19. Immigrant visas are immediately available to the Plaintiffs at the time of filing

this Complaint. Attached hereto as **Exhibits D**.

20. Concerned about there applications, Plaintiffs called USCIS VSC on

September 19th, 2005 and were informed: *"The processing of application has been*

*delayed because of pending security checks with FBI. Plaintiff Dr. Xiaofeng Hu's*

*security check is pending ever since July 2005.*

21. On August 3rd, 2005, Plaintiffs contacted Congressman Michael N. Castle for

status inquiry. The officer from the congressman office called Plaintiffs a couple of

weeks later and Plaintiffs were told "*case pending due to pending security check*"

22. Dr. Xiaofeng Hu and his wife have always complied with immigration and

civil laws, have never been arrested or convicted of a crime and have never presented a

security risk to the United States. Dr. Xiaofeng Hu and his wife Xiujuan Qi have been

lawfully present in the United States ever since 1999.

23. Concerned about the status of his security checks, Plaintiff, Xiaofeng Hu,

made an official Freedom of Information-Privacy Acts (FOIPA) request with the Federal

Bureau of Investigations of the U. S. Department of Justice. FBI reply dated July 31,

6

2006 stated that FBI has no records pertaining to Dr. Xiaofeng Hu: "*No records responsive to your FOIPA request were located by a search ......*" (**Exhibit E**).

24. As of December 5, 2006, *515 days (1 years 5 months) after submitting all documents to USCIS*, no resolution on Dr. Xiaofeng Hu and his wife's applications have been reached so they are filing present Complaint with the Delaware District Court. This action challenges only the Defendants' timeliness in adjudication of Plaintiff's application, not the granting or denial of that application.

25. Defendants have sufficient information to determine Plaintiffs' eligibility pursuant to applicable requirements and complete the processing procedures.

26. Section 202 (8 U.S.C. § 1571) of the Title II of the American Competitiveness in Twenty-first Century Act of 2000 (AC21) clearly lays down the parameters of reasonableness in immigration adjudication, stating: "...It is the sense of Congress that the processing of an immigration benefit application should be completed not later than **180 days** after the initial filing of the application."

27. Defendants are also required by 5 U.S.C. § 551 "within a reasonable time ... to conclude a matter presented... ."

28. Other District Courts have concluded in similar cases that Plaintiffs have a clear right to have his or her application for lawful permanent residency status adjudicated within a reasonable period of time. (*Yu v. Brown*, 36F. Supp. 2d 922, 925 (D.N.M. 1999); *Agbemaple v. INS*, No. 97 C 8457, 1988 WL 292441 (N.D. Ill. May 18, 1988)). For instance, in *Yu*, where Plaintiff sought a writ of mandamus to force INS to act on her application for lawful permanent residence two and one half years after she applied, the court concluded that Yu's petition properly stated a claim for mandamus.

Also in *Elkhatib v. Bulger*, No. 04-22407-CIV-SEITZ/MCALILEY (S.D.F.2004) court found that Respondents have a non-discretionary duty to process Plaintiff's application within a reasonable period of time.

## INJURY TO PLAINTIFF

29. The Plaintiffs' applications to become permanent resident of the United States are pending before USCIS for *over 515 days*. The Plaintiffs have been greatly damaged by the failure of Defendants to act in accord with their duties under the law.

30. Plaintiffs are waiting and will continue to wait for a significant amount of time for a decision on there AOS applications. Their statuses in the United States have been and will continue to be uncertain. Plaintiffs could not plan ahead because they have not known and does not know when they become permanent residents.

31. Plaintiffs have lost a significant work time while pursuing their adjustment of status applications, making inquiries with USCIS, meeting with lawyers, applying for yearly work authorization renewals, reporting for fingerprinting, and otherwise pursuing his delayed permanent residency.

32. Plaintiff Xiujuan Qi has to obtain yearly work authorization permits while her AOS application is pending. This results in significant out-of-pocket expenses (EAD renewal cost is $180/year and Plaintiff has already applied for two of them), attorneys' fees, inconvenience, and loss of wages.

33. Due to delays in adjudication of Plaintiffs' permanent residency applications, Plaintiffs' naturalizations (to become a U.S. Citizen) have been delayed. Therefore Defendants' unreasonable delay in adjudicating AOS applications deprived Plaintiffs for longer time of citizenship benefits such as rights to vote and fully participate in our

democracy; receive United States passports; travel freely into and out of the United States; hold a job that is restricted to United States citizens; run for public office. Also Plaintiffs have been and will continue to be unable to petition for their family members to immigrate to the United States as immediate relatives.

34. Plaintiffs' rights to due process of law and equal protection under the Fifth Amendment to the United States Constitution have been and are being violated and will continue to be violated by Defendants' failures as described herein.

## GROUNDS FOR RELIEF

35. Defendants, despite having a duty to act within reasonable time, have failed to process and adjudicate Plaintiff's application for permanent residency in a timely manner.

36. Defendant USCIS' duty to process and adjudicate Plaintiff's application "within a reasonable time" (*it is already more than 515 days*) is a non-discretionary duty mandated by federal and judicial precedent.

37. Defendant USCIS' conduct in failing to process Plaintiff's application and adjudicate his case in a reasonably timely manner has caused unnecessary and injurious delays to Plaintiffs, in violation of his rights.

38. Defendants' delay in the case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully and unreasonably, have refused to adjudicate the petition, thereby depriving them of the rights to which Plaintiffs are entitled.

39. The Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq., are unlawfully withholding action on the Plaintiffs' applications and have

9

failed to carry out the adjudicate functions delegated to them by law with regards to the Plaintiffs' case.

40. Though the role of Defendants is pivotal in securing the caviling of the United States of America from people planning to do harm on Americal soil, the Defendants actions in adjudicating th Plaintiffs' case have clearly gone beyond the expected processing time and have failed to adhere to their own regulations.

41. Plaintiffs have exhausted all administrative remedies available and have determined that no adequate remedy exists. Accordingly, the Plaintiffs have been forced to pursue the instant action.

## Count I.
## Mandamus Action
## 28 U.S.C. § 1651

42. Plaintiffs incorporate all allegations made hereinabove that are pertinent to this Court. Defendants are charged with the mandatory responsibility of administering and implementing the Immigration and Nationality Act. Defendants bear sole responsibility for timely adjudication of AOS application and for orderly attendant procedures.

43. Defendants have failed to discharge their mandated duties.

44. As a result, Plaintiffs have suffered and continues to suffer irreparable harm and damages entitling them to declaratory, injunctive and other relief.

45. Plaintiff have exhausted all possible administrative remedies and there exists no other adequate remedy.

46. Strong humanitarian factors favor granting of Mandamus relief.

## Count II.

10

**Administrative Procedures Act**
**5 U.S.C. § 555 and 5 U.S.C. § 702 et seq.**

47. Plaintiffs incorporate all allegations made hereinabove that are pertinent to this Court.

48. By failing to render timely decision on Plaintiffs' applications, Defendants have violated the Administrative Procedures Act and this constitutes agency action that is arbitrary and capricious, and not in accordance with law. 5 U.S.C. § 701 et seq., 702, 706 ("agency action unlawfully withheld or unreasonably delayed" under § 706(1)) and 5 U.S.C. § 555.

49. Defendants have failed to discharge their mandated official duties.

50. As a result, Plaintiff has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

**Count III.**
**Declaratory Judgment Act**
**28 U.S.C. § 2201**

51. Plaintiffs incorporate all allegations made hereinabove that are pertinent to this Court.

52. Plaintiffs contend that Defendants' actions and decisions relating to delays in AOS adjudication and attendant procedures are unconstitutional, violate the INA, and are arbitrary and capricious and seek a declaration to that effect under 28 U.S.C. § 2201.

53. Defendants have failed to discharge their mandated official duties.

54. As a result, Plaintiff has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

**Count IV.**
**Equal Access to Justice Act**
**5 U.S.C. § 504 and 28 U.S.C. § 2412**

55. Plaintiffs incorporate all allegations made hereinabove that are pertinent to this Court.

56. If prevails, Plaintiff will seek attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

## **PRAYER FOR RELIEF**

WHEREFORE, in view of the arguments and authority noted herein, the Plaintiffs respectfully pray that upon due consideration, the honorable Court grant the following relief:

i.    Assume jurisdiction over this cause;

ii.   Declare that the Defendants' failure to act is illegal, arbitrary, capricious and abuse of discretion;

iii.  Compel Defendants and those acting under them to perform their duty to provide the Plaintiffs with a Notice of Approval;

iv.   Grant attorneys fees and costs of court;

v.    Grant such other and further relief as this Court deems just and appropriate.

Dated: December 7, 2006

RESPECTFULLY SUBMITTED,

Xiaofeng Hu, Xiujuan Qi
Plaintiffs, Pro Se

5 Westbrite Ct
Wilmington, DE 19810
Phone: (302)442-0021 (cell)
E-mail: huxf74@gmail.com

13

## **EXHIBITS**

EXHIBIT A        USCIS Receipt Notices.

EXHIBIT B        USCIS I-140 Immigration Application Approval Notice

EXHIBIT C        USCIS Vermont Service Center Processing dates
                 (Dated December 05, 2006)

EXHIBIT D        Visa Bulletin for December 2006 from US Department of States

EXHIBIT E        Response of Mr. David Hardy, FBI to FOIPA request

**EXHIBIT A   USCIS Receipt Notices.**

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797C, Notice of Action**

## THE UNITED STATES OF AMERICA

| | | |
|---|---|---|
| **RECEIPT NUMBER**<br>EAC-05-204-51434 | **CASE TYPE** I485 APPLICATION TO ADJUST TO PERMANENT<br>RESIDENT STATUS | |
| **RECEIVED DATE**<br>July 5, 2005 | **PRIORITY DATE** | **APPLICANT** A99 087 380<br>HU, XIAOFENG |
| **NOTICE DATE**<br>July 15, 2005 | **PAGE**<br>1 of 1 | |

XIAOFENG HU
5 WESTRITE CT
WILMINGTON DE 19810

**Notice Type:** Receipt Notice

Amount received: $ 385.00
Section: Adjustment as direct
beneficiary of immigrant
petition

**Receipt notice** - If any of the above information is incorrect, call customer service immediately.

**Processing time** - Processing times vary by kind of case.
- You can check our current processing time for this kind of case on our website at **uscis.gov**.
- On our website you can also sign up to get free e-mail updates as we complete key processing steps on this case.
- Most of the time your case is pending the processing status will not change because we will be working on others filed earlier.
- We will notify you by mail when we make a decision on this case, or if we need something from you.
- If you move while this case is pending, call customer service when you move.
- Processing times can change. If you don't get a decision or update from us within our current processing time, check our website or call for an update.

If you have questions, check our website or call customer service. Please save this notice, and have it with you if you contact us about this case.

**Notice to all customers with a pending I-130 petition** - USCIS is now processing Form I-130, Petition for Alien Relative, as a visa number becomes available. Filing and approval of an I-130 relative petition is only the first step in helping a relative immigrate to the United States. Eligible family members must wait until there is a visa number available before they can apply for an immigrant visa or adjustment of status to a lawful permanent resident. This process will allow USCIS to concentrate resources first on cases where visas are actually available. This process should not delay the ability of one's relative to apply for an immigrant visa or adjustment of status. Refer to **www.state.gov/travel** <http://www.state.gov/travel> to determine current visa availability dates. For more information, please visit our website at www.uscis.gov or contact us at 1-800-375-5283.

Always remember to call customer service if you move while your case is pending. If you have a pending I-130 relative petition, also call customer service if you should decide to withdraw your petition or if you become a U.S. citizen.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (800) 375-5283



Form I-797C (Rev. 08/31/04) N

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797C, Notice of Action**

THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | | CASE TYPE  I485   APPLICATION TO ADJUST TO PERMANENT |
|---|---|---|
| EAC-05-204-51462 | | RESIDENT STATUS |
| RECEIVED DATE | PRIORITY DATE | APPLICANT   A99 087 379 |
| July 5, 2005 | | QI, XIUJUAN |
| NOTICE DATE | PAGE | |
| July 15, 2005 | 1 of 1 | |

XIUJUAN QI
5 WESTBRITE CT
WILMINGTON DE 19810

Notice Type:  Receipt Notice

Amount received: $  385.00

Section: Derivative adjustment

**Receipt notice** - If any of the above information is incorrect, call customer service immediately.

**Processing time** - Processing times vary by kind of case.
- You can check our current processing time for this kind of case on our website at uscis.gov.
- On our website you can also sign up to get free e-mail updates as we complete key processing steps on this case.
- Most of the time your case is pending the processing status will not change because we will be working on others filed earlier.
- We will notify you by mail when we make a decision on this case, or if we need something from you.
- If you move while this case is pending, call customer service when you move.
- Processing times can change. If you don't get a decision or an update from us within our current processing time, check our website or call for an update.

If you have questions, check our website or call customer service. Please save this notice, and have it with you if you contact us about this case.

**Notice to all customers with a pending I-130 petition** - USCIS is now processing Form I-130, Petition for Alien Relative, as a visa number becomes available. Filing and approval of an I-130 relative petition is only the first step in helping a relative immigrate to the United States. Eligible family members must wait until there is a visa number available before they can apply for an immigrant visa or adjustment of status to a lawful permanent resident. This process will allow USCIS to concentrate resources first on cases where visas are actually available. This process should not delay the ability of one's relative to apply for an immigrant visa or adjustment of status. Refer to www.state.gov/travel <http://www.state.gov/travel> to determine current visa availability dates. For more information, please visit our website at www.uscis.gov or contact us at 1-800-375-5283.

Always remember to call customer service if you move while your case is pending. If you have a pending I-130 relative petition, also call customer service if you should decide to withdraw your petition or if you become a U.S. citizen.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (800) 375-5283



Form I-797C (Rev. 08/31/04) N

**EXHIBIT B   USCIS I-140 Immigration Application Approval Notice**

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797, Notice of Action**

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | | CASE TYPE | I140 |
| EAC-03-259-57410 | | IMMIGRANT PETITION FOR ALIEN WORKER | |

| RECEIPT DATE | PRIORITY DATE | PETITIONER |
| September 23, 2003 | September 15, 2003 | HU, XIAOFENG |

| NOTICE DATE | PAGE | BENEFICIARY |
| June 14, 2005 | 1 of 1 | HU, XIAOFENG |

THOMAS FAN ESQUIRE
FAN & FITZPATRICK P A
230 N WASHINGTON STREET SUITE 400
ROCKVILLE MD 20850

Notice Type:  Approval Notice
Section: Indiv w/Adv Deg or Exceptional
         Ability in the National
         Interest

The above petition has been approved. This petition indicates the person for whom you are petitioning is in the United States and will apply for adjustment of status. He or she should contact the local INS office to obtain form I-485, Application for Permanent Residence. A copy of this petition should be submitted with the application, with appropriate fee, to this Service Center. Additional information about eligibility for adjustment of status may be obtained from the local INS office serving the area where he or she lives, or by calling 1-800-375-5283.

If the person for whom you are petitioning decides to apply for a visa outside the United States based on this petition, the petitioner should file Form I-824, Application for Action on an Approved Application or Petition, with this office to request that we send the petition to the Department of State National Visa Center (NVC).

The NVC processes all approved immigrant visa petitions that require consular action. The NVC also determines which consular post is the appropriate consulate to complete visa processing. It will then forward the approved petition to that consulate.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
**Customer Service Telephone: (800) 375-5283**



Form I-797 (Rev. 11/28/03) N

**EXHIBIT C   USCIS Vermont Service Center Processing dates**
**(Dated December 05, 2006)**

U. S. Citizenship and Immigration Services

  Print This Page  |  Back

## U.S. Citizenship and Immigration Services
## Vermont Service Center Processing Dates
## Posted December 05, 2006

The U.S. Citizenship and Immigration Services processes cases in the order in which they are received. Due to the high workload, most of the time your case is pending we will be processing cases that were filed earlier than yours. This chart tells you which cases the Service Center is processing and the date the cases were received by the Service Center.

### How do I use this chart?

Locate the type of application or petition you filed under the heading "Form" or "Form Name". Follow the form/form name across to the heading "Processing Cases with Receipt Date of". The date shown in this column represents the filing date of the application or petition that is currently being processed at this Service Center.

### When Can I Call The National Customer Service Center?

If you filed your case 30 days or more before the date shown under the heading "Processing Cases with Receipt Date of" and you have not received a request for evidence, a decision, or another notice in the last thirty days, please call our National Customer Service Center at 1-800-375-5283.

If you received a request for evidence and you responded more than 60 days ago and have not received a decision, please call our National Customer Service Center at 1-800-375-5283.

If you have filed any of the following forms and the indicated times have passed, please call our National Customer Service Center at 1-800-375-5283.

---

Form EOIR-29: If you filed more than 60 days ago and you need to confirm that your case was sent to the Board of Immigration Appeals.

Form I-290A, Motion to Reopen or Reconsider: If you filed more than 6 months ago and you have not received a reply.

Form I-290B, Notice of Appeal to the Administrative Appeals Unit:

> Initial receipt and preliminary processing: If you filed more than 60 days ago (from the date of receipt by the Service Center), and you need to confirm that your case was sent to the Administrative Appeals Office.

> Remands and sustained decisions: If it has been more than 60 days since the date the Administrative Appeals Office notified you in writing that it remanded (sent your case back) to the Service Center or sustained the decision (decided in your favor), and you have not received a response from the Service Center.

---

Waiver of the 2-Year Foreign Residence Requirement (For waiver applications that DO NOT require Form I-612). This includes waivers based on No Objection Statements, Interested Government Agency requests, and State Health Department requests. If the Department of State's Waiver Review Division sent the favorable waiver recommendation to the Service Center more than 60 days ago, and you have not received a response from the Service Center.

Service Center Processing Dates for **Vermont** Posted December 05, 2006

| Form | Title | Classification or Basis for Filing | Now Processing Cases with Receipt Notice Date of |
|------|-------|-----------------------------------|--------------------------------------------------|
| I-90 | Application to Replace Permanent Resident Card | Initial issuance or replacement | May 29, 2006 |
| I-102 | Application for Replacement/Initial Nonimmigrant Arrival/Departure Record | Initial issuance or replacement of a Form I-94 | March 13, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Visa to be issued abroad | September 19, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Change of status in the U.S. | September 19, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Extension of stay in the U.S. | September 19, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | H-2A - Temporary workers | November 16, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | H-2B - Other temporary workers | November 01, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | H-3 - Temporary trainees | August 27, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | L - Intracompany transfers | November 01, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | Blanket L | September 19, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | O - Extraordinary ability | September 19, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | P - Athletes, artists, and entertainers | September 19, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | Q - Cultural exchange visitors and exchange visitors participating in the Irish Peace process | September 19, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | R - Religious occupation | September 19, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | TN - North American Free Trade Agreement (NAFTA) professional | June 18, 2006 |
| I-129F | Petition for Alien Fiance(e) | K-1/K-2 - Not yet married - fiance and/or dependent child | June 01, 2006 |
| I-130 | Petition for Alien Relative | U.S. citizen filing for a spouse, parent, or child under 21 | March 12, 2006 |
| I-130 | Petition for Alien Relative | U.S. citizen filing for an unmarried son or daughter over 21 | February 26, 2006 |
| I-130 | Petition for Alien Relative | U.S. citizen filing for a married son or daughter over 21 | March 12, 2006 |
| I-130 | Petition for Alien Relative | U.S. citizen filing for a brother or sister | October 07, 2000 |
| I-130 | Petition for Alien Relative | Permanent resident filling for a spouse or child under 21 | October 22, 2005 |
| I-130 | Petition for Alien Relative | Permanent resident filling for an unmarried son or daughter over 21 | March 12, 2006 |
| I-131 | Application for Travel Document | All other applicants for advance parole | August 31, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Extraordinary ability | April 01, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Outstanding professor or researcher | April 01, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Multinational executive or manager | April 01, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Schedule A Nurses | April 01, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability | April 01, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability requesting a National Interest Waiver | April 01, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Skilled worker or professional | April 01, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Unskilled worker | April 01, 2006 |
| I-212 | Application for Permission to Reapply for Admission into the U.S. After Deportation or Removal | Readmission after deportation or removal | September 05, 2005 |
| | Petition for Amerasian, Widow(er), or Special | | |

| I-360 | Immigrant | Violence Against Women Act (VAWA) | March 29, 2006 |
|---|---|---|---|
| I-360 | Petition for Amerasian, Widow(er), or Special Immigrant | All other special immigrants | February 06, 2006 |
| I-485 | Application to Register Permanent Residence or to Adjust Status | Employment-based adjustment applications | December 31, 2005 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change of status to H or L dependents | July 23, 2006 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change status to the F or M academic or vocational student categories | July 23, 2006 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change Status to the J exchange visitor category | July 23, 2006 |
| I-539 | Application to Extend/Change Nonimmigrant Status | All other change of status applications | July 23, 2006 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of stay for H and L dependents | July 23, 2006 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of Stay for F or M academic or vocational students | July 23, 2006 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of Stay for J exchange visitors | July 23, 2006 |
| I-539 | Application to Extend/Change Nonimmigrant Status | All other extension applications | July 23, 2006 |
| I-612 | Application for Waiver of the Foreign Residence Requirement | Application for a waiver of the 2-year foreign residence requirement based on exceptional hardship or persecution | April 30, 2006 |
| I-751 | Petition to Remove the Conditions on Residence | Removal of lawful permanent resident conditions (spouses of U.S. citizens and lawful permanent residents | June 01, 2006 |
| I-765 | Application for Employment Authorization | Based on a request by a qualified F-1 academic student. [(c)(3)] | September 14, 2006 |
| I-765 | Application for Employment Authorization | Based on a pending asylum application [(c)(8)] | November 02, 2006 |
| I-765 | Application for Employment Authorization | Based on a pending I-485 adjustment application [(c)(9)] | September 14, 2006 |
| I-765 | Application for Employment Authorization | Based on TPS for Honduras/Nicaragua [(c)(19), (a)(12)] | September 14, 2006 |
| I-765 | Application for Employment Authorization | Based on TPS for El Salvador [(c)(19)(a)(12)] | September 14, 2006 |
| I-765 | Application for Employment Authorization | All other applications for employment authorization | September 14, 2006 |
| I-817 | Application for Family Unity Benefits | Voluntary departure under the family unity program | April 11, 2005 |
| I-821 | Application for Temporary Protected Status | El Salvador initial or late filing | June 01, 2006 |
| I-821 | Application for Temporary Protected Status | El Salvador extension | June 01, 2006 |
| I-821 | Application for Temporary Protected Status | Honduras and Nicaragua initial or late filing | June 01, 2006 |
| I-821 | Application for Temporary Protected Status | Honduras and Nicaragua extension | June 01, 2006 |
| I-824 | Application for Action on an Approved Application or Petition | To request further action on an approved application or petition | June 01, 2006 |
| N-600 | Application for Certification of Citizenship | Application for recognition of U.S. citizenship | June 01, 2006 |
| N-643 | Application for Certification of Citizenship on Behalf of an Adopted Child | Application for recognition of U.S. citizenship on behalf of an adopted child | June 01, 2006 |

Print This Page     Back

12-07-2006 02:40 PM EST

**EXHIBIT D**
**Visa Bulletin for December 2006 from US Department of States**

Thursday December 7, 2006

# Visa Bulletin

*Number 100*
*Volume VIII*
*Washington, D.C.*

## VISA BULLETIN FOR DECEMBER 2006

### A. STATUTORY NUMBERS

1. This bulletin summarizes the availability of immigrant numbers during December. Consular officers are required to report to the Department of State documentarily qualified applicants for numerically limited visas; the Bureau of Citizenship and Immigration Services in the Department of Homeland Security reports applicants for adjustment of status. Allocations were made, to the extent possible under the numerical limitations, for the demand received by November 8th in the chronological order of the reported priority dates. If the demand could not be satisfied within the statutory or regulatory limits, the category or foreign state in which demand was excessive was deemed oversubscribed. The cut-off date for an oversubscribed category is the priority date of the first applicant who could not be reached within the numerical limits. Only applicants who have a priority date earlier than the cut-off date may be allotted a number. Immediately that it becomes necessary during the monthly allocation process to retrogress a cut-off date, supplemental requests for numbers will be honored only if the priority date falls within the new cut-off date.

2. Section 201 of the Immigration and Nationality Act (INA) sets an annual minimum family-sponsored preference limit of 226,000. The worldwide level for annual employment-based preference immigrants is at least 140,000. Section 202 prescribes that the per-country limit for preference immigrants is set at 7% of the total annual family-sponsored and employment-based preference limits, i.e., 25,620. The dependent area limit is set at 2%, or 7,320.

3. Section 203 of the INA prescribes preference classes for allotment of immigrant visas as follows:

### FAMILY-SPONSORED PREFERENCES

First: Unmarried Sons and Daughters of Citizens: 23,400 plus any numbers not required for fourth preference.

Second: Spouses and Children, and Unmarried Sons and Daughters of Permanent Residents: 114,200, plus the number (if any) by which the worldwide family preference level exceeds 226,000, and any unused first preference numbers:

A. Spouses and Children: 77% of the overall second preference limitation, of which 75% are exempt from the per-country limit;

B. Unmarried Sons and Daughters (21 years of age or older): 23% of the overall second preference limitation.

Third: Married Sons and Daughters of Citizens: 23,400, plus any numbers not required by first and second preferences.

Fourth: Brothers and Sisters of Adult Citizens: 65,000, plus any numbers not required by first three preferences.

### EMPLOYMENT-BASED PREFERENCES

First: Priority Workers: 28.6% of the worldwide employment-based preference level, plus any numbers not required for fourth and fifth preferences.

Second: Members of the Professions Holding Advanced Degrees or Persons of Exceptional Ability: 28.6% of the worldwide employment-based preference
level, plus any numbers not required by first preference.

Third: Skilled Workers, Professionals, and Other Workers: 28.6% of the worldwide level, plus any numbers not required by first and second
preferences, not more than 10,000 of which to "Other Workers".

Schedule A Workers: Employment First, Second, and Third preference Schedule A applicants are entitled to up to 50,000 "recaptured" numbers.

Fourth: Certain Special Immigrants: 7.1% of the worldwide level.

Fifth: Employment Creation: 7.1% of the worldwide level, not less than 3,000 of which reserved for investors in a targeted rural or high-unemployment area, and 3,000 set aside for investors in regional centers by Sec. 610 of P.L. 102-395.

4. INA Section 203(e) provides that family-sponsored and employment-based preference visas be issued to eligible immigrants in the order in which a petition in behalf of each has been filed. Section 203(d) provides that spouses and children of preference immigrants are entitled to the same status, and the same order of consideration, if accompanying or following to join the principal. The visa prorating provisions of Section 202(e) apply to allocations for a foreign state or dependent area when visa demand exceeds the per-country limit. These provisions apply at present to the following oversubscribed chargeability areas: CHINA-mainland born, INDIA, MEXICO, and PHILIPPINES.

5. On the chart below, the listing of a date for any class indicates that the class is oversubscribed (see paragraph 1); "C" means current, i.e., numbers are available for all qualified applicants; and "U" means unavailable, i.e., no numbers are available. (NOTE: Numbers are available only for applicants whose priority date is earlier than the cut-off date listed below.)

| Family | All Charge-ability Areas Except Those Listed | CHINA-mainland born | INDIA | MEXICO | PHILIPP-INES |
|---|---|---|---|---|---|
| 1st | 22APR01 | 22APR01 | 22APR01 | 01JAN94 | 01DEC91 |
| 2A | 01MAR02 | 01MAR02 | 01MAR02 | 15JAN00 | 01MAR02 |
| 2B | 08MAR97 | 08MAR97 | 08MAR97 | 01MAR92 | 22AUG96 |
| 3rd | 08DEC98 | 08DEC98 | 08DEC98 | 01JAN95 | 08FEB91 |
| 4th | 01DEC95 | 22MAY95 | 22SEP95 | 22NOV93 | 01JUN84 |

**NOTE:** For December, 2A numbers EXEMPT from per-country limit are available to applicants from all countries with priority dates earlier than 15JAN00. 2A numbers SUBJECT to per-country limit are available to applicants chargeable to all countries EXCEPT MEXICO with priority dates beginning 15JAN00 and earlier than 01MAR02. (All 2A numbers provided for MEXICO are exempt from the per-country limit; there are no 2A numbers for MEXICO subject to per-country limit.)

| | All Charge-ability Areas | CHINA-mainland | INDIA | MEXICO | PHILIP-PINES |
|---|---|---|---|---|---|

| | Except Those Listed | born | | | |
|---|---|---|---|---|---|
| **Employ-ment -Based** | | | | | |
| 1st | C | C | C | C | C |
| 2nd | C | 22APR05 | 08JAN03 | C | C |
| 3rd | 01AUG02 | 01AUG02 | 22APR01 | 08MAY01 | 01AUG02 |
| Schedule A Workers | U | U | U | U | U |
| Other Workers | 01OCT01 | 01OCT01 | 01OCT01 | 01OCT01 | 01OCT01 |
| 4th | C | C | C | C | C |
| Certain Religious Workers | C | C | C | C | C |
| Iraqi & Afghani Translators | 18SEP06 | 18SEP06 | 18SEP06 | 18SEP06 | 18SEP06 |
| 5th | C | C | C | C | C |
| Targeted Employ-ment Areas/ Regional Centers | C | C | C | C | C |

The Department of State has available a recorded message with visa availability information which can be heard at: (area code 202) 663-1541. This recording will be updated in the middle of each month with information on cut-off dates for the following month.

Employment Third Preference Other Workers Category: Section 203(e) of the NACARA, as amended by Section 1(e) of Pub. L. 105-139, provides that once the Employment Third Preference Other Worker (EW) cut-off date has reached the priority date of the latest EW petition approved prior to November 19, 1997, the 10,000 EW numbers available for a fiscal year are to be reduced by up to 5,000 annually beginning in the following fiscal year. This reduction is to be made for as long as necessary to offset adjustments under the NACARA program. Since the EW cut-off date reached November 19, 1997 during Fiscal Year 2001, the reduction in the EW annual limit to 5,000 began in Fiscal Year 2002.

## B. DIVERSITY IMMIGRANT (DV) CATEGORY

Section 203(c) of the Immigration and Nationality Act provides a maximum of up to 55,000 immigrant visas each fiscal year to permit immigration opportunities for persons from countries other than the principal sources of current immigration to the United States. The Nicaraguan and Central American Relief Act (NACARA) passed by Congress in November 1997 stipulates that beginning with DV-99, and for as long as necessary, up to 5,000 of the 55,000 annually-allocated diversity visas will be made available for use under the NACARA program. **This reduction has resulted in the DV-2007 annual limit being reduced to 50,000.** DV visas are divided among six

**EXHIBIT E**        **Response of Mr. David Hardy, FBI to FOIPA request**



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

July 31, 2006

MR XIAOFENG HU
5 WESTBRITE COURT
WILMINGTON, DE 19810

Request No.: 1053897- 000
Subject: HU, XIAOFENG

Dear Requester:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

To promptly respond to requests, we concentrate on identifying main files in the central records system at FBI Headquarters. No records responsive to your FOIPA request were located by a search of the automated indices.

You may file an administrative appeal by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI File Fact Sheet.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure

06-760

JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Hu, Xiaofeng

Qi, Xiujuan

**(b)** County of Residence of First Listed Plaintiff  New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Pro Se     5 Westbrite Ct     Tel:
Wilmington, DE 19810     (302) 442-0021

## DEFENDANTS
Michael Chertoff
Emilio Gonzalez etc.

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☒ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC § 1361 ; 5 USC § 551
Brief description of cause:
Mandamus action to compel USCIS to adjudicate the plaintiffs' applications of adjustment
of status

## VII. REQUESTED IN
COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:     ☐ Yes     ☐ No

## VIII. RELATED CASE(S)
IF ANY
(See instructions):
JUDGE                          DOCKET NUMBER

DATE  12/12/06

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. __0 6 - 7 6 0__

## ACKNOWLEDGMENT
## OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___7___ COPIES OF AO FORM 85.

DEC 1 2 2006
_____
(Date forms issued)

_____
(Signature of Party or their Representative)

Xiaofeng Mu
_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

RE:   C.A.#   **0 6 - 7 6 0**

CASE CAPTION:   Hu ? Qi          v.   Chertoff, et al

## ACKNOWLEDGMENT OF RECEIPT FOR F.R.Civ.P. 4

I hereby acknowledge receipt of a copy of Rule 4 (Summons) of the Federal Rules of Civil Procedure, and understand that it is my responsibility to make service of process on defendants in accordance with this rule.

Date Received            DEC 1 2 2006      Signed: _____
by Plaintiff:                                        Pro Se Plaintiff

Date Received            DEC 1 2 2006      Signed: _____
by Clerk's office:                                   Deputy Clerk

Note: If you received Federal Rule 4 by mail, please sign this receipt and return it to:

Clerk
U.S. District Court
844 N. King Street
Lockbox 18
Wilmington, DE 19801

If applicable, Rule 4 mailed to plaintiff:

_____
Date mailed

_____
By Deputy Clerk

cc:   Docketing Clerk

wp\forms\rule4receipt 2-04